UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA RITTERBECK, | ) | CASE NO. 5:16CV1572 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| AKRON FAMILY RESTAURANT, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On November 22, 2016, the Court presided over a mediation session with the parties and their counsel. At the conclusion of the mediation, counsel advised the Court that the parties had reached a settlement resolving all of plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and state law. The Court must now determine whether the settlement represents a fair resolution of plaintiff's FLSA claims. For the reasons that follow, the Court finds that it does, and the settlement is approved.

**I.  BACKGROUND**

In this action, filed on June 22, 2016, plaintiff Lisa Ritterbeck sought to recover wages alleged to have been earned by her and owed to her by her former employer, defendant Akron Family Restaurant. In its answer, defendant denied that plaintiff was entitled to any additional wages, and further denied that it violated the FLSA or Ohio law.

On October 24, 2016 the Court conducted a telephonic case management conference with counsel for the parties. During the conference, the Court explored with counsel the possibility of settlement. Counsel advised the Court that the parties were interested in pursuing mediation but

believed that some initial discovery should take place first. (Oct. 24, 2016 Minutes.) Following a brief period of discovery, the parties mediated the matter on November 22, 2016 under court supervision, and, at the conclusion of the mediation, the parties reached a final resolution of the case. By virtue of its role in the mediation, the Court was fully apprised of the terms of the settlement.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear

FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement.[1] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the instant action presented bona fide disputes. Plaintiff, who was formerly employed by defendant as a server in the restaurant, asserts that she was often required to work in excess of 40 hours of week, but was not properly compensated for her time. She also claims that defendant failed to give her adequate notice that her tips would be credited against her wages in order to satisfy defendant's minimum wage obligations. Defendant

---

[1] In collective actions, of which this case is not, the court should also consider the opinion of counsel and collective representatives and the reaction of absent collective members. *Id.*

insists that plaintiff was paid in compliance with FLSA regulations and Ohio law, and that it gave plaintiff legally adequate notice of its treatment of her tips. Defendant also contests the number of hours plaintiff claims she worked. The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel is reasonable, taking into consideration the complexity of the case and the fact that a settlement was reached early in the litigation. While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. CONCLUSION

For all of the foregoing reasons, the Court approves the settlement. The claims in plaintiff's complaint are dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: November 28, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**